

**COLUMBIA COUNTY**     POWERED BY ⬡ CIVITEK

Search ▾ | Help

Back

New Search  Expand All

| Case Number | Filed Date | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|
| 122022CA000255CAAXMX [22000255CAAXMX] | 07/29/2022 | Circuit Civil 3-D | OPEN | NO | YES |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 07/29/2022 | NEGLIGENCE- PREMISES LIABILITY COMMERCIA | YES | NO | - |

| Party Name | | Party Type | Attorney | Bar ID |
|---|---|---|---|---|
| DOUGLAS, WESLEY RAYMOND | | JUDGE | | |
| TRACTOR SUPPLY COMPANY | Search This Party | DEFENDANT | | |
| BRYAN, BRYON | Search This Party | PLAINTIFF | COMSTOCK, JARED DUSTIN | 95937 |

**☐ Dockets**

Page : 1   ◄◄  ◄  ►  ►►   ALL ▾

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| 📄 | 13 | 08/10/2022 | RETURN OF SERVICE- TRACTOR SUPPLY COMPANY SERVED 08/05/22 (CORP-DONNA MOCH, RA) | 1 |
| | 12 | 08/01/2022 | Judge: DOUGLAS , WESLEY R Assigned | |
| | 4 | 08/01/2022 | Payment received: $410.00 Receipt Number CC 213130 | |
| | 3 | 08/01/2022 | Assessment 1 Total Assessed $410.00 Balance Remaining $0.00 | |
| 📄 | 10 | 07/29/2022 | NOTICE OF FILING THIRD JUDICIAL CIRCUIT STANDING ORDER IN CIVIL CASES | 2 |
| 📄 | 9 | 07/29/2022 | SUMMONS ISSUED TO TRACTOR SUPPLY COMPANY | 1 |
| 📄 | 8 | 07/29/2022 | NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO DEFENDANT | 1 |
| 📄 | 7 | 07/29/2022 | REQUEST TO PRODUCE TO DEFENDANT | 8 |
| | 6 | 07/29/2022 | COMPLAINT | 4 |
| 📄 | 5 | 07/29/2022 | CIVIL COVER SHEET | 3 |
| | 2 | 07/29/2022 | Assessment 1 assessed at sum $410.00 | |
| | 1 | 07/29/2022 | Case 122022CA000255CAAXMX Filed with Clerk on 7/29/2022 | |

**⊞ Judge Assignment History**

**⊞ Court Events**

**⊞ Financial Summary**

**⊞ Reopen History**

** Pursuant to Florida Statutes and Florida Rules of Court Procedure, records that have been designated as expunged, sealed or confidential may not be available through this service. For additional information on specific records please contact the Clerk of Court.

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.    **CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>THIRD</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>COLUMBIA</u>  COUNTY, FLORIDA

<u>Bryon Bryan</u>
Plaintiff

vs.

<u>Tractor Supply Company</u>
Defendant

Case # 22-255-GA
Judge  Douglas

II.    **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

III.    **TYPE OF CASE**    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jared D Comstock</u>        Fla. Bar # <u>95937</u>
        Attorney or party                 (Bar # if attorney)

<u>Jared D Comstock    </u>        <u>07/29/2022</u>
  (type or print name)             Date

## IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
## IN AND FOR COLUMBIA COUNTY, FLORIDA

BRYON BRYAN,

      Plaintiff,

vs.

CASE NO.: 22-255-CA

TRACTOR SUPPLY COMPANY,

      Defendant.

_____/

## **COMPLAINT**

Plaintiff, BRYON BRYAN, by and through her undersigned attorney, sues Defendant, TRACTOR SUPPLY COMPANY, and alleges:

1.      This is an action for damages that exceed the sum of thirty thousand dollars ($30,000.00), exclusive of costs, interest and attorneys' fees. The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2.      Defendant, TRACTOR SUPPLY COMPANY, is a Delaware corporation doing business in Lake City, Columbia County, Florida.

3.      At all times material, Defendant owned, possessed, operated, and/or controlled that certain business located at 5359 West U.S. Highway 90, Lake City, Florida, which was open to the general public, including the Plaintiff herein.

4.      On or about September 20, 2021, Plaintiff visited Defendant's premises located at the above address as a business invitee.

5.      At said time and place, there was dry dog food on the floor of Defendant's premises.

6.      At said time and place, Defendant owed Plaintiff nondelegable duties to exercise reasonable care for his safety, to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous conditions on its premises.

7.     At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a)     Negligently failing to maintain or adequately maintain the flooring in the premises, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b)     Negligently creating a slip hazard to members of the public utilizing the premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c)     Negligently failing to inspect or adequately inspect the flooring in the premises to ascertain whether the floor, which was poorly maintained, constituted a hazard to patrons utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d)     Negligently failing to warn or adequately warn the Plaintiff of the danger of the dog food on the floor, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e)     Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition described above, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f)     Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the flooring for dangerous conditions;

g)     Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the flooring for dangerous conditions;

h)     Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)     Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the flooring despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

2

j)      Negligently failing to take action to remedy the dog food on the floor despite having actual or constructive knowledge of the dangerous condition;

k)      Negligently failing to assign specific associates/employees to the task of monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions; and

l)      Negligently engaging  in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

8.      As a result, while Plaintiff was visiting Defendant's business, he slipped on dog food on the floor of the premises, fell, and sustained personal injuries.

9.      As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, TRACTOR SUPPLY COMPANY, for damages, costs, and interest where applicable, and such other relief as the Court may deem just.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

**MORGAN & MORGAN**

*/s/ Jared D. Comstock*
Jared D. Comstock, Esq.
Florida Bar No.: 95937
104 N. Main Street – 5th Floor
Gainesville, Florida 32601

Phone: (352) 204-4729
Facsimile: (352) 204-4755
Email: jcomstock@forthepeople.com
        ashealy@forthepeople.com
Attorney for Plaintiff



**IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
IN AND FOR COLUMBIA COUNTY, FLORIDA**

BRYON BRYAN,

       Plaintiff,

     CASE NO.: 22-255-CA

vs.

TRACTOR SUPPLY COMPANY,

       Defendant.

_____/

## REQUEST TO PRODUCE TO DEFENDANT

    Plaintiff, BRYON BRYAN, by and through the undersigned counsel, and pursuant to Florida Rule of Civil Procedure 1.350, hereby requests that Defendant, TRACTOR SUPPLY COMPANY, produce for inspection or copying the documents set forth below. Defendant shall produce these documents at 104 N Main Street, Suite 500, Gainesville FL 32601 within forty-five (45) days after service of this Request for Production.

### I. Definitions

    A.    As used throughout this Request to Produce, the following terms are defined as follows:

    B.    "Document" is used in the broad sense and means any tangible object or thing that contains, conveys, or records information. Production is required of the <u>original</u>, or any copy if the original is not available, of any book, record, minutes of meetings, reports and/or summaries of interviews, reports and/or summaries of investigations; opinions or reports of consultants; opinions of counsel; communications of any nature, including internal company communications, memoranda, telegrams, telexes, letters, notes of telephone conferences, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts and revisions of drafts of documents, any written, printed, typed or other graphic matter of any kind or nature, drawings, photographs, paper, communication, chart, tap, disk, card,

wire or other electronic or mechanical recording or transcript or any other instrument or device from which information can be perceived, in the employees or agents, or known by Plaintiff to exist, unless otherwise privileged.

C.      "Document" also includes copies containing information <u>in addition to that contained on the original</u> (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

D.      If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request under Rule 1.350 meaningful and genuine.

E.      "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

F.      "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and predecessors as well as all of its directors, officers, principals, partners, employees, agents, representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which Plaintiff has acquired an interest.

G.    "Statement" means (1) any written statement made any a person and signed or otherwise adopted or approved by him; or (2) any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

H.    As may be used in these Request "and" is conjunctive (meaning, e.g., A <u>and</u> B); and "or" is disjunctive and inclusive (meaning, e.g., A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

I.    As may be used in this Request to Produce, the terms "trademark" and "service mark" shall be considered interchangeable, and the term "mark" shall be considered to refer to any trademark, service mark, trade name, or business designation, or any other word, symbol, design, logo, title, or slogan used to identify the source of origin of products or services. References to 'products" or "goods" shall be considered to include services.

## II. Claim of Privilege

If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

1.    Description sufficient to identify.

2.    The date(s).

3.    The subject matter(s).

4.    The sender(s) or author(s).

5.    The recipient(s).

6.    The persons to whom copies were furnished, together with their job titles.

7.    The present depository or person having custody of the document.

8.    The nature and basis of privilege or immunity claimed.

9.     The paragraph(s) of this request to which each such document or statement relates or corresponds.

### III.  Grouping or Numbering of Items Produced.

Pursuant to Fla. R. Civ. P. 1.350, it is requested that the document or other items submitted in response to this Request to Produce be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

### IV.  Place, time, and manner of response.

A response to this Request to Produce is due within forty-five (45) days after service of this Request to Produce, and shall be made at the offices of Morgan & Morgan, 104 N Main Street, Suite 500, Gainesville FL 32601, or at such other place as the parties may agree.  Authentic copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

**DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:**

1.     All statements made by any witnesses to the subject accident.

2.     All statements made by the Plaintiff pertaining to or concerning the subject matter.

3.     All photographs of the area involved in the subject accident.

4.     A copy of any and all insurance agreements, insurance policies or agreements of any kind of nature under which any person or company carrying on an insurance business may be liable to satisfy part of all of a judgment that may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

5.      A copy of any incident/accident report or other documents done in the ordinary course of business containing information about the incident alleged in the Complaint, completed by you, or your agents, representatives, or employees surrounding the subject accident.

6.      Any and all inspection or check-off sheets or other documents showing who performed inspections, what kind of inspections were performed, the times of the inspections or other information about the inspections that might have been done on the date of the subject accident, as well as the five (5) days before that date in the area where the Plaintiff fell.

7.      Any and all documents relating to any inspections that may have been done on the date of the subject accident, the five (5) days before that date and the five (5) days after that date at the Defendant's premises.

8.      Time sheets, clock cards or any other documents showing the hours and time worked by any employees working on the date of the subject accident, with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises.

9.      Inspection sheets and/or and other documents for inspections that were used on the date of the subject accident, or that are now used by employees at Defendant's premises, for inspections.

10.     A true and correct copy of any contracts or agreement with any entity used by Defendant with any responsibilities for inspecting your premises for dangerous conditions or for training your employees about such.

11.     A true and correct copy of any and all written inspection, maintenance procedures or policies in place on the date of the subject accident, at Defendant's premises.

12.     A true and correct copy of any and all safety manuals or videos, inspection manuals or videos or training manuals or videos that any employee who was working on the date of the

subject accident, with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises may have received from Defendant.

13.     A true and correct copy of your written procedure for inspection of the grounds, sidewalks, pathways, common walkways, and landscaping that was in existence on the date of the subject accident.

14.     A true and correct copy of any document or list with the names, addresses, telephone numbers, duties, responsibilities, and job descriptions, of all employees working for the Defendant with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises.

15.     A true and correct copy of any document or list with the names, addresses, telephone numbers, duties, responsibilities, and job descriptions of all employees on duty at the subject location on the date of the subject accident.

16.     A true and correct copy of any and all documents provided to the employees of the Defendant who were on duty on the date of the subject accident, explaining maintenance, cleaning, inspection, and safety precautions at Defendant's premises.

17.     A true and correct copy of any and all written complaints or documents showing claims or complaints made as to employees and/or customers falling or slipping on substances on Defendant's premises within the last five (5) years in a manner substantially similar to that alleged in the Complaint.

18.     A true and correct copy of any and all photographs taken of the accident scene.

19.     Any and all footage from CCTV/security/surveillance cameras that depict the events alleged in the complaint.

20.     Any and all footage from CCTV/security/surveillance cameras that depict Plaintiff regardless of location on the subject premises for the entire date of incident.

21.     Any and all footage from CCTV/security/surveillance cameras that depict the subject incident.

22.     Any and all footage from CCTV/security/surveillance cameras that depict the area where the subject incident occurred for the period of time beginning four (4) hours immediately prior to the subject incident and ending four (4) hours immediately after the subject incident.

23.     List of all slip and falls that occurred at the subject location for the three (year) period of time immediately preceding the subject incident.  (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location in premises where incident occurred and (iii) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

24.     List of all slip and falls that occurred at all locations statewide for the three (year) period of time immediately preceding the subject incident.  (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location at which incident occurred, (iii) location in premises where incident occurred and (iv) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

25.     List of all slip and falls that occurred at all locations nationwide for the three (year) period of time immediately preceding the subject incident.  (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location at which incident occurred, (iii) location in premises where incident occurred and (iv) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

## CERTIFICATE OF SERVICE

I certify that copy of the foregoing has been served on the Defendant by legal process with the Summons and Complaint.

**MORGAN & MORGAN**

_/s/ Jared D. Comstock_
Jared D. Comstock, Esq.
Florida Bar No.: 95937
104 N. Main Street – 5th Floor
Gainesville, Florida 32601
Phone: (352) 204-4728
Facsimile: (352) 204-4755
Email: jcomstock@forthepeople.com
ashealy@forthepeople.com
Attorney for the Plaintiff



**IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
IN AND FOR COLUMBIA COUNTY, FLORIDA**

BRYON BRYAN,

       Plaintiff,

       CASE NO.: 22-255-CA

vs.

TRACTOR SUPPLY COMPANY,

       Defendant.

_____/

## NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff, BRYON BRYAN, by and through her undersigned attorney, propounds the First Set of Interrogatories to Defendant, numbered 1 through 17, to Defendant, TRACTOR SUPPLY COMPANY, pursuant to Florida Rule of Civil Procedure 1.340, to be answered in writing and under oath on or before forty-five (45) days from the date of service hereof.

## CERTIFICATE OF SERVICE

I certify that copy of the foregoing has been served on the Defendant by legal process with the Summons and Complaint.

       MORGAN & MORGAN

       */s/ Jared D. Comstock*
       Jared D. Comstock, Esq.
       Florida Bar No.: 95937
       Attorney for the Plaintiffs
       104 N. Main Street – 5th Floor
       Gainesville, Florida 32601
       Phone: (352) 204-4728
       Facsimile: (352) 204-4755
       Primary email: jcomstock@forthepeople.com
       Secondary email: ashealy@forthepeople.com

## IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
## IN AND FOR COLUMBIA COUNTY, FLORIDA

BRYON BRYAN,

      Plaintiff,

vs.

CASE NO.: 22-255-CA

TRACTOR SUPPLY COMPANY,

      Defendant.

_____/

### SUMMONS

THE STATE OF FLORIDA:
To all and singular sheriffs of said state:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, and Request for Production in the above-styled cause upon the Defendant:

**Tractor Supply Company**
**c/o C T Corporation System, registered agent**
**1200 South Pine Island Road**
**Plantation, FL 33324**

      Each Defendant is required to serve written defenses to the Complaint or Petition on **Jared D. Comstock, Esq., Plaintiff's Attorney, whose address is Morgan & Morgan, 104 N. Main Street, Suite 500, Gainesville, FL 32601,** within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

      DATED on _1_ day of _August_ , 2022.

Clerk of the Circuit Court

By _____
      As Deputy Clerk

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT,
IN AND FOR THE STATE OF FLORIDA

ADMINISTRATIVE ORDER NO. 2021-005

CASE NO: 22-225-CA

Plaintiff(s)

v.

Defendant(s)

_____/

<u>THIRD JUDICIAL CIRCUIT STANDING ORDER IN CIVIL CASES</u>

PURSUANT to Florida Rule of Civil Procedure 1.200(a), Florida Rule of Judicial Administration 2.545, and the Third Judicial Circuit Administrative Order 2021-004 entered by the Chief Judge of this Circuit, the parties are ordered to adhere to the following information and procedures applicable to civil lawsuits:

1.    SERVICE OF THIS ORDER: The Plaintiff is directed to serve a copy of this order with each Summons issued in this case.  One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2.    CIVIL CASE MANAGEMENT SYSTEM: The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases.  This Court has adopted a case management system to help meet those guidelines.  In contested cases (other than foreclosures, involuntary commitment of sexually violent predators (Jimmy Ryce Act) and eminent domain cases), the parties are required to participate in the case management system.  The case management system requires early consultation and cooperation among the parties, early interaction with a Civil Case Manager and early involvement by the Court.  The

Case Management Plan requires the parties to adhere to case specific compliance deadlines, confer in a good faith attempt to narrow the matters in controversy, and identify the issues that require direct involvement by the Court.  All parties are required to be familiar with Third Judicial Circuit Administrative Order 2021-004, Florida Rules of Civil Procedures 1.070 and 1.201, and Florida Rule of Judicial Administration 2.545 and 2.250, all of which may be located and accessed at the Court's website. https://thirdcircuitfl.org.

The Court will issue a Case Management Order on or before 30 days from the date of service of the last defendant.  For cases subject to a statutory stay or moratorium preventing prosecution of the case, the Court will issue a Case Management Order within 45 days after the stay or moratorium ends or within 30 days after service of the Complaint on the last of all named defendants, whichever date is later.  If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is *mandatory*.

3.      ALTERNATIVE DISPUTE RESOLUTION (ADR):  ADR provides parties with an out-of-court alternative to settling disagreements.  The Court requires the parties to participate in ADR prior to trial.  Mediation is mandatory unless the parties agree to another form of ADR.  Mediation is a conference at which an independent third party attempts to arrange a settlement between the parties.

DONE AND ORDERED in Chambers in Lake City, Columbia County, Florida this 29th day of April, 2021.

_____
**MARK E. FEAGLE, Chief Circuit Judge**

**RETURN OF SERVICE**

State of Florida                    County of ~~Collier~~ *COLUMBIA*                    Circuit Court

Case Number: 2022 CA 000255

Plaintiff:
**BRYON BRYAN**

vs.

Defendant:
**TRACTOR SUPPLY COMPANY**



For:
Jared Comstock, Esq.
Morgan & Morgan
104 N. Main Street
Suite 500
Gainesville, FL 32601

Received by Family & Court Services LLC on the 4th day of August, 2022 at 4:51 pm to be served on **TRACTOR SUPPLY COMPANY C/O C T CORPORATION SYSTEM, REGISTERED AGENT, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.**

I, Yadira Maceira, do hereby affirm that on the **5th day of August, 2022** at **12:30 pm, I:**

served a CORPORATION by delivering a true copy of the SUMMONS, CIVIL COVER SHEET, COMPLAINT, THIRD JUDICIAL CIRCUIT STANDING ORDER IN CIVIL CASES, REQUEST TO PRODUCE, NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES AND FIRST SET OF INTERROGATORIES with the date and hour of service endorsed thereon by me, to: **Donna Moch** as **Supervisor/Authorized To Accept Service** for TRACTOR SUPPLY COMPANY, at the address of: **1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 50+, Sex: F, Race/Skin Color: White, Height: 5'3", Weight: 140, Hair: Dark Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the jurisdiction which the process was served. Under penalty of perjury, I declare that I have read the foregoing Affidavit of Service and that the facts stated in it are true.                    NOTARY NOT
REQUIRED PURSUANT TO  F.S.92.525(2).

Yadira Maceira
782

**Family & Court Services LLC**
**725 E Alfred Street**
**Tavares, FL 32778**
**(352) 343-3991**

Our Job Serial Number: FAM-2022014396
Ref: 12019927

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2f